13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kathy L. RYALS, Plaintiff-Appellee,
v.
The CITY OF TULSA, Oklahoma, Defendant,
and
Roy C. Johnson, Defendant-Appellant.
 No. 93-5141.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1993.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff filed a two claim action against defendant Johnson under 42 U.S.C.1983, asserting as a police officer he utilized his authority to reinstitute criminal proceedings against her. Those proceedings previously had been dismissed with prejudice by the local prosecutor "for a lack of prosecutorial merit." She alleged defendant's action was in retaliation for filing complaints against defendant and constituted a violation of her First Amendment rights of free speech and access to the courts. In her second claim, plaintiff asserted defendant used excessive force in effecting an arrest of her by wrapping an auto seat belt around her throat.
 
 
 3
 Defendant moved for summary judgment, asserting qualified immunity. The district court succinctly denied the motion, holding there is a dispute of material fact on the first claim whether defendant's action was motivated by a desire to retaliate against plaintiff. On the excessive force claim, the court held a question of material fact exists whether, in light of plaintiff's admitted attempt to escape custody, defendant's actions were reasonable. The court believed these facts had to be resolved by a jury and denied the motion to dismiss.
 
 
 4
 Defendant appeals, arguing entitlement to qualified immunity, not because the rights asserted by plaintiff were not well established, but because he acted reasonably or without fault in both instances. His basic thrust is to present his view of the underlying facts. Plaintiff counters with her differing version of the facts. The result makes plain the district court correctly concluded there was a dispute sufficient to bar application of summary judgment. Archer v. Sanchez, 933 F.2d 1526, 1531 (10th Cir.1991); also see Cannon v. City and County of Denver, 998 F.2d 867, 876 (10th Cir.1993).
 
 
 5
 On the basis of the record, we must conclude plaintiff has asserted valid claims. Whether she can support those claims at trial is not a question before us. At the same time, defendant's contest of those claims is essentially factual. Consequently, we agree with the district court the issues must be resolved by a jury.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3